UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                            )<br>                     Plaintiff,          )<br>                                                            )<br>vs.                                                      )<br>                                                            )<br>JONATHAN RALPH TAYLOR,         )<br>                                                            )<br>                     Defendant.       )<br>_____) | Case No. 2:06-cr-00053-JCM-PAL<br><br>**REPORT OF**<br><br>**FINDINGS AND RECOMMENDATION**<br><br>(M/Dismiss - #30) |

Before the court is defendant's Motion to Dismiss the Indictment as a Result of Post-Accusatory Delay (#30) which was referred to the undersigned for findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-3 and IB 1-4. The court has considered the motion, the government's Response (#33). No reply was filed, and the time for filing a reply has now run.

**BACKGROUND**

Defendant Jonathan Ralph Taylor ("Taylor") is charged by way of an indictment returned February 15, 2006 with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment also contains a forfeiture allegation. The indictment arises out of his arrest on September 22, 2005. Mr. Taylor made an initial appearance on a writ of habeas corpus ad prosequendum on March 7, 2006 and was ordered detained. Trial was set for May 8, 2006 with a calendar call on May 3, 2006. (See Minutes, #10.) On May 3, 2006, the parties submitted a Stipulation to Continue Motion Deadlines and Trial Dates (First Request) (#19) which the District Judge granted in an Order entered May 15, 2006 (#20). Pursuant to the parties' stipulation and the court's order, the parties were given an extension until May 22, 2006 in which to file all pretrial motions and notice of defense, and the time between May 15, 2006 and July 31, 2006 was found excludable under the Speedy Trial Act, Title 18 U.S.C. § 3161(h)(8)(A).

On June 8, 2006, counsel for Taylor filed a motion for pretrial psychiatric evaluation seeking a "dual-purpose" evaluation to determine Taylor's competency to stand trial and assist counsel, and

1  whether Taylor suffered from a mental disease or defect rendering him mentally incompetent at the time
2  of the commission of the charged offense.  The undersigned granted the motion in an order signed
3  June 12, 2006, and entered June 13, 2006 (#22).  The order required defendant to be forthwith
4  transported to the closest federal medical facility for his examination and evaluation for a reasonable
5  period of time not to exceed 45 days, unless extended by further order of the court on a showing of
6  good cause by the Director of the facility or by an appropriate motion for a period of up to 30 days.
7  (Order, #22.)  The order set a hearing on July 27, 2006 commensurate with the time needed to conduct
8  the examination and evaluation.

9        Thereafter, the parties stipulated, and the court ordered the continuation of the trial and motion
10 deadlines.  The order found the time from August 1, 2006 until October 30, 2006 excludable under the
11 Speedy Trial Act.  (See Stipulation, #24; and Order, #25.)  At a hearing conducted July 27, 2006, the
12 defendant appeared in custody with counsel.  The court was advised by the United States Marshals
13 Service that the defendant had not yet been designated or transported to a medical facility for the
14 evaluation and examination as ordered.  The court required the Marshals Service to report to Chambers
15 the following day to ensure that Mr. Taylor had been designated to an appropriate BOP facility.  (See
16 Minutes of Proceedings, #26.)  The parties again stipulated, and the court ordered a continuation of the
17 pretrial motions and trial date.  The parties stipulated, and the court found that the time from
18 October 31, 2006 until December 18, 2006 was excludable under the Speedy Trial Act.  (See
19 Stipulation, #27; and Order, #28.)  The court's Order (#28) set a jury trial in this case for December 18,
20 2006.

21       The undersigned received a letter from the warden of the Metropolitan Detention Center dated
22 September 14, 2006 which was provided to counsel for the parties, requesting additional time for the
23 evaluation because of the delay in transporting Taylor and indicating that the evaluation that had been
24 ordered would be sent on or before October 30, 2006.  When the evaluation was not received, the court,
25 *sua sponte*, sent a letter dated November 9, 2006 to the warden, inquiring of the status of the report.  A
26 copy of the letter was provided to counsel and the District Judge.  A report was finally received via
27 facsimile in Chambers on November 16, 2006, and via overnight mail on Friday, November 17, 2006.
28 / / /

The undersigned did not see the evaluation until November 20, 2006, the date this motion was filed, and promptly forwarded it to counsel for the parties.

In the current motion, Taylor seeks dismissal of the indictment, arguing the strict time requirements for conducting forensic evaluations pursuant to Title 18 U.S.C. §§ 4241 and 4247(b) have been exceeded, and that his speedy trial rights have been violated. Taylor argues he has been prejudiced by the delay in receiving the report of forensic evaluation because he is presumed to have a vulnerable state of mind, the prospects of his rehabilitation may be adversely affected by the delay, and counsel has been unable to communicate with him because of restrictions placed on Mr. Taylor by the facility of evaluation. Additionally, Taylor argues his immediate and extended family have been adversely affected, especially his mother who is aware of her son's fragile condition and concerned about his potential to relapse into a psychotic episode.

The government opposes the motion, pointing out that defense counsel stipulated to continue the trial date three times, agreeing that the time until December 18, 2006 was excluded under § 3161(h)(8)(A) of the Speedy Trial Act. Additionally, the government argues that the delay for a mental competency evaluation is specifically excluded under 18 U.S.C. § 3161(h)(1)(A), and that the time limitations imposed by 18 U.S.C. §§ 3241 and 4247 "have no bearing on the Speedy Trial Act and, therefore, cannot serve as a basis to claim a violation of his right to a speedy trial under the Act." (Response, p. 3.)

**DISCUSSION**

The court granted the parties' stipulation and entered an order requiring that Taylor be examined and evaluated to determine his competency to stand trial and assist counsel, and whether he suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the charged offense. It is undisputed that Taylor was not transported and evaluated within 45 days as ordered. On September 14, 2006, the Warden of the Metropolitan Detention Center advised the court that due to a high volume of forensic cases designated to the Metropolitan Detention Center, additional time would be required for evaluation. The Warden advised the court that an evaluation would be sent on or before October 30, 2006. When the court did not receive the evaluation by the date indicated, the court, *sua sponte,* corresponded with the Warden to request a status. Shortly thereafter, on

1  November 16, 2006, the court received the report via facsimile, and via overnight mail on Friday,
2  November 17, 2006.  The evaluation was seen by the court for the first time on November 20, 2006 and
3  promptly forwarded to counsel for the parties.
4      Since this motion was filed, counsel for the parties have requested a fourth extension of the trial
5  date. (See Stipulation, #32, filed November 29, 2006.)  The stipulation requested that the December 18,
6  2006 trial date be vacated and trial reset to a date and time convenient to the court no earlier than
7  45 days.  The stipulation represented that (1) counsel for defendant is scheduled to begin a trial in
8  another case on the same date; (2) the defendant is incarcerated and does not object to the continuance;
9  (3) denial of the request for a continuance could result in a miscarriage of justice; and (4) the additional
10 time requested is excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(A) when
11 considering the factors under Title 18 U.S.C. §§ 3161(h)(8)(B) and 3161(h)(8)(B)(iv).  The District
12 Judge entered an Order approving the parties' stipulation (#34), finding that the ends of justice served
13 by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial,
14 since the failure to grant the continuance would likely result in a miscarriage of justice, would deny the
15 parties sufficient time and the opportunity within which to be effectively and thoroughly prepared for
16 trial, and that the continuance sought was excludable under the provisions of the Speedy Trial Act, 18
17 U.S.C. § 3161(h)(8)(A).  Pursuant to the parties' stipulation, the December 18, 2006 trial date has been
18 vacated and continued to January 31, 2007.  The mental competency evaluation was received on
19 November 16, 2006, and forwarded to counsel on November 20, 2006 by the court prior to the
20 December 18, 2006 trial date.  Counsel for Taylor has stipulated that the time until trial, currently set to
21 January 31, 2007 consistent with the request of counsel, is excludable under the Speedy Trial Act.
22 Under these circumstances,
23     **IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that
24 defendant's Motion to Dismiss Indictment (#30) be DENIED.
25     Dated this 14th day of December, 2006.
26
27                                                        _____
                                                          PEGGY A. LEEN
28                                                        UNITED STATES MAGISTRATE JUDGE